UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| RICHWELL GROUP, INC. d/b/a | ) | |
| MAXFIELD SEAFOOD, | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| SENECA LOGISTICS GROUP, LLC, | ) | |
| Defendant | ) | |
| | ) | |

## PARTIES

1.      The Plaintiff, Richwell Group, Inc., d/b/a Maxfield Seafood ("Maxfield") is a California corporation with a principal place of business at 418 S. 9th Avenue, City of Industry, California.

2.      The Defendant, Seneca Logistics Group, LLC ("Seneca"), is an Ohio limited liability company with a principal place of business at 215 Jefferson St., Tiffin, Ohio.

## JURISDICTION

3.      This Court has personal jurisdiction over Seneca, who is doing business in Massachusetts, and venue here is proper pursuant to 49 U.S.C. § 14706(d)(2).

4.      Subject matter jurisdiction may properly be exercised by this Court pursuant to 49 U.S.C. § 14706(d).

## FACTS

5.      Maxfield is in the business of nationally and internationally importing and distributing seafood products.

6.      Seneca is in the business of transporting freight by truck.

7.      On or about December 14, 2016, Maxfield called Seneca to request transportation of a load of lobster (the "Lobster") which was to be picked up at two locations in Massachusetts, including one in Everett.

8.      Maxfield had used Seneca to transport freight on previous occasions over the course of approximately two years.

9.      As it had various times regarding seafood products, Maxfield contacted Seneca and arranged for Seneca to act as carrier and take care of the pick-up and transportation of the Lobster.

10.     Seneca agreed to act as carrier and provide the transportation services.

11.     A non-negotiable bill of lading was executed listing Seneca as the carrier. A copy of the bill of lading is attached to this complaint as **Exhibit A**.

12.     On or about December 15, 2016, a truck arrived at Preferred Freezer Services of Boston Harbor, LLC ("Preferred Freezer"), the cold-storage facility in Everett where Maxfield and their vendors had arranged to store the Lobster, and picked up the Lobster.

13.     A Preferred Freezer representative spoke with Vincent Grandillo, Seneca CEO, and he authorized Preferred Freezer to release the Lobster to a driver named Ernesto Perez ("Mr. Perez").

14.     On or about December 20, 2016, Mr. Grandillo contacted Maxfield and advised that the truck of Lobster had been stolen and that Seneca was unable to contact the driver.

15.     On or about December 21, 2016, Mr. Grandillo reported the theft to Everett, Massachusetts, police.

16.     Unbeknownst to Maxfield, Seneca had retained another party to transport the Lobsters.

17.     Seneca had hired Mr. Perez to transport the Lobster.

18.     Upon information and belief, Seneca obtained Mr. Perez's information and approached him about shipping the Lobster based upon a public listing offering services.

19.     Mr. Perez purportedly worked for Rapid Logistics Services, Inc. ("Rapid").

20.     Upon information and belief, Seneca made no efforts to vet Mr. Perez or Rapid's background or credentials, or otherwise ensure the Lobster would be transported as promised by Seneca to Maxfield.

21.     The Lobster and lost profits on the sale of the Lobster amounted to $318,000.

## COUNT I – CARMACK AMENDMENT

22.     Maxfield reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint.

23.     Seneca is a "motor carrier" and a "carrier" under the Carmack Amendment. 49 U.S.C. § 13102(3); 49 U.S.C. § 13102(14).

24.     As a result of the actions described above, Maxfield suffered damages in the amount of $318,000, consisting of the value of the Lobster at its destination and lost profits.

25.     Under the Carmack Amendment, Seneca is strictly liable to Maxfield for the damages that Maxfield suffered. 49 U.S.C. § 14706(a)(1); *PNH Corporation v. Hullquist Corporation*, 843 F.2d 586, 589-592 (1st Cir. 1988).

## COUNT II – NEGLIGENCE

26.     Maxfield reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint.

27.     Seneca promised to provide professional services to Maxfield.

28.     Seneca was negligent in its selection and retention of Mr. Perez and/or Rapid

to assist with the professional services it had pledged to provide.

29.     As a result of Seneca's negligence, Maxfield suffered damages.

**WHEREFORE**, Maxfield demands: (1) that judgment enter against Seneca, and that the

Court award Maxfield $318,000 in damages, together with interest and costs; (2) that the Court

award Maxfield attorney's fees pursuant to 49 U.S.C. § 11711(d); and (3) that the Court grant

Maxfield such other and further relief as is just and appropriate.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.


Dated:   August 3, 2017                          Plaintiff,

                                                 RICHWELL GROUP, INC., d/b/a MAXFIELD
                                                 SEAFOOD,
                                                 By Its Attorneys:


                                                 */s/ Jeffrey E. Poindexter*
                                                 Jeffrey E. Poindexter – BBO #631922
                                                 Elizabeth S. Zuckerman – BBO #673190
                                                 Bulkley, Richardson and Gelinas, LLP
                                                 1500 Main Street, Suite 2700
                                                 Springfield, MA  01115
                                                 Tel: (413) 781-2820/Fax: (413) 272-6806
                                                 jpoindexter@bulkley.com
                                                 ezuckerman@bulkley.com

2471940v1